West'n. District.
*Sept'r.* 1829.

NERAULT'S
HEIRS & WIFE
*vs.*
L'ENCLOS.

---

## FUX *vs.* KING, & KING *vs.* FUX.

APPEAL from the court of fifth district, the judge of the sixth presiding.

Fux sued King for $426 and interest, the price of a lot, which Fux had purchased of Armstrong's heirs. The lot was under mortgage for the original purchase money. King had a complete title from Fux and was to make the payments to said heir. About the time all the payments became due, King sold Fux bricks to the amount of $291, and had the debt secured by a privilege on a brick house. King now sued Fux. They plead compensation respectively, the judge offered each a judgment for his claim, which was refused. By *consent* the cases, were consolidated and the brick debt was swallowed up by the lot

The supreme court will not rescind an order consolidating two cases, made by consent of parties, and by which one of the parties has a privileged claim compensated in judgment, by an ordinary debt, and prays for a new trial and rescission of the order.

A new trial will not be awarded, on the ground that the party cast in the suit, incautiously placed his case before the court in a particular form, in which a privileged claim

West'n. District.
*Sept'r.* 1829.

Fux *vs.* King
&
King *vs.* Fux.

was compensated by an ordinary debt.

Parties must be bound by the acts of their counsel in conducting a cause, and no relief will be afforded, on the ground that a case was incautiously placed before the court for a decision and judgment.

debt. King now saw his error and moved for a new trial and a rescission of the order of consolidation, refused.

MARTIN J. delivered the opinion of the court. Fux stated that he sold to King part of a lot of ground which he had purchased on a credit, and King covenanted to pay the price to Fux's vendors and exonerate him (Fux) from all liability from the purchase, that King neglecting to pay, Fux was sued and put to trouble and expence in defending himself. The petition concludes with a prayer for judgment for the price agreed on and damages, and for a sale of the premises.

The general issue was pleaded; and further, that the plaintiff owed a larger sum to the defendant than was due by the former to his vendor, and both considered the matter settled by compensation and set off, and by the refusal of the plaintiff to do so, the defendant has been compelled to institute a suit against him.

King in his suit claimed from Fux the price of a quantity of brick. Fux pleaded the general issue, and offered the debt arising from the sale to King as a setoff in compensation.

West'n. District.
Sept'r. 1829.

Fux vs. King
&
King vs. Fox

In this latter case, there was judgment for the defendant, the plantiff's claim being held to be compensated by that of the defendant.

The two causes were consolidated; King's claim was declared to have compensated or extinguished, as to its amount, that of Fux's, and the latter had judgment for the balance.

King now claimed a new trial, on the ground, that Fux's claim being dependent on a contingency and the liquidation of a personal warranty, is not due in the same right, and not equally liquidated and demandable, as that for the price of the bricks sold by him to Fux; that the ground sold by Fux to King is bound for the payment of the price which Fux owes to his vendor, who may avail himself of King's covenant with Fux and demand payment from King: that Fux is in embarrassed circumstances and King may be compelled to pay the original vendor and be deprived of his privilege, on the house built by Fux with his bricks: that the compensation was inadvertently prayed for. Besides the new trial, King prayed for the rescission of the order of consolidation.

King's application was overruled and he appealed. It is clear, the appellant having

West'n. District.
*Sept'r.* 1829.

Fux *vs.* King
&
King *vs.* Fux.

himself demanded the compensation, the judgment correctly admitted it. So that our only enquiry is whether the district judge erred in overruling the application for a new trial.

The application was not made on any of the grounds stated in the code of practice 560: neither can it be supported on general principles. Parties must be bound by their acts.— When the case is voluntarily submitted to the court in a particular form, the party cast cannot expect relief on the ground, that he was not sufficiently cautious in placing the case before the court in the manner he did.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

*Garland* for Fux.   *Linton* for King, the appellant.